UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

EDITHA MANZANO, VICTORIA
GALLARDO-NAVARRA, M.D., AND
JUAN YRORITA, R.N.
    Defendants.
_____/

Case No. 16-cr-20593

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

**ORDER OVERRULING DEFENDANT NAVARRA'S OBJECTION TO THE GOVERNMENT'S NOTICE OF INTENTION TO OFFER EVIDENCE OF ACTS "INTRINSIC" TO THE CHARGED OFFENSE [88] AND DENYING DEFENDANT NAVARRA AND DEFENDANT YRORITA'S MOTIONS TO ADJOURN THE NOVEMBER 21, 2017 TRIAL DATE [86, 87]**

**I.    Introduction**

On September 1, 2016, a grand jury indicted Defendant One Editha Manzano ("Manzano"), Defendant Four Victoria Gallardo-Navarra ("Navarra"), and Defendant Five Juan Yrorita ("Yrorita"). Dkt. No. 1. The Indictment charged all three defendants with engaging in a conspiracy to commit health care fraud and wire fraud in violation of 18 U.S.C. § 1349 (Count I). *See id.* Additionally, the Indictment charged Manzano with engaging in a conspiracy to pay and receive health care kickbacks in contravention of 18 U.S.C. § 371 (Count II), and health care fraud in violation of 18 U.S.C. § 1347 (Count V). *See id.*

1

On October 25, 2017, the Government filed a Notice of Intent to Offer Evidence of Acts "Intrinsic" to the Offense Charged as to Defendant Navarra. *See* Dkt. No. 82. Specifically, evidence that Defendant Navarra allegedly made false and fraudulent claims to Medicare for physician services.[1] *See id.* Presently before the Court is Defendant Navarra's November 10, 2017 Objection to the Government's Notice of Intent to Offer Evidence of Acts "Intrinsic" to the Charged Offense. *See* Dkt. No. 88.

Also before the Court are Defendant Navarra and Defendant Yrorita's Motions to Adjourn the November 21, 2017 Trial Date, given the offer of "intrinsic" evidence and Rule 404(b) Notice regarding Navarra and the Government's November 2017 productions. *See* Dkt. Nos. 86, 87.

The Court held a hearing on these issues on November 15, 2017 at 9:00 a.m. Ruling from the bench, the Court OVERRULED Defendant Navarra's Objection to the Government's Notice of Intent to Offer "Intrinsic" Evidence and Notice of Rule 404(b) Evidence, and DENIED Defendants' Motions to Adjourn the November 21, 2017 Trial Date. The Court's reasoning is detailed herein.

---

[1] The Government also filed two Notices of Intent to Offer Evidence of Acts Intrinsic to Offenses Charged as to Defendant Manzano. Dkt. Nos. 80–81. As Defendant Manzano has not objected to these notices, the Court concludes Manzano has waived any objections to the notices.

## II. Discussion

The Court will overrule Defendant Navarra's Objection to the Government's Offer of "Intrinsic" Evidence and Notice of Rule 404(b) Evidence. Second, the Court will deny Defendant Navarra and Defendant Yrorita's Motions to Adjourn the November 21, 2017 Trial Date because most of the material Defendants seek time to review is no longer at issue. Specifically, the Government's recent productions principally relate to a witness, Emma King, whom the Government had originally intended to present at trial. In its response to Defendants' motions to adjourn the trial, however, the Government represented that it has elected to not call that witness.

The Court will first address the Government's Notice of Intent to Offer Evidence of Acts "Intrinsic" to the Charged Offense, in particular, evidence that Defendant Navarra submitted claims to Medicare that were allegedly false and fraudulent.

### A. The Government's Notice of Intent to Offer Evidence of Acts Intrinsic to the Charged Offense

The Government contends Navarra submitted false and fraudulent claims to Medicare for physician services that she allegedly provided to beneficiaries— beneficiaries who she also certified for home health care services from Anointed Care Services LLC ("Anointed"). Dkt. No. 82, p. 1 (Pg. ID 346). The Government argues evidence of these claims is admissible because it is intrinsic to, or inextricably

intertwined with evidence of, the offense charged in the Indictment. *Id.* Alternatively, the Government offers this evidence pursuant to Federal Rule of Evidence 404(b)(2) to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." The Court finds persuasive both of the Government's arguments.

Turning to the first argument, *United States v. Barnes*, 49 F.3d 1144 (6th 1995), is instructive. There, the Sixth Circuit observed that "extrinsic" crimes or wrongs are those that have "occurred at different times and under different circumstances from the offense charged." *Id.* at 1149. Intrinsic crimes or wrongs, however, "are those that are part of a single criminal episode." *Id.* Consequently, "Rule 404(b) is not implicated when the other crimes or wrongs evidence is part of a continuing pattern of illegal activity. When that circumstance applies, the government has no duty to disclose the other crimes or wrongs evidence." *Id.* In *Barnes*, testimony of an "earlier 'short' drug shipment" fell outside Rule 404(b) as it was inextricably intertwined with the charged offense; defendants were charged with receiving drugs and this receipt was compensation for the earlier short shipment.

Like in *Barnes*, the evidence offered by the Government here "is part of a continuing pattern of illegal activity." *Id.* The Indictment charges Navarra with conspiracy to commit health care fraud and wire fraud, for example, through

4

falsifying medical records at Anointed, including records related to home health certifications. Dkt. No. 1, p. 9 (Pg. ID 9). The evidence offered then—that Navarra submitted false and fraudulent claims to Medicare for physician services by billing Medicare for home health services when she was instead seeing patients at physician offices, e.g. Anointed's office—is directly connected to the conduct alleged in the Indictment. Dkt. No. 82, at p. 2 (Pg. ID 347). Indeed, as the Government correctly contends, this evidence is intrinsic to the conduct alleged in the Indictment because it demonstrates (1) how Navarra profited from her involvement in the conspiracy; and (2) that she engaged in these other acts on the same days that she certified beneficiaries for home health services from Anointed. *Id.*

Navarra responds that the Government's allegations of fraud are unproven because the beneficiaries involved were not "homebound" as that term is used in Medicare regulations. Dkt. No. 88, p. 3 (Pg. ID 432). This argument lacks merit.

The Government need not prove the alleged fraud to meet the inextricably intertwined test. Instead, the Government has met the test by asserting that the other acts occurred on the same days as acts alleged in the Indictment, and offer context to the arc of the conspiracy by showing how Navarra profited from her contributions to the scheme. Therefore, the Court will allow the Government to offer evidence of other acts related to Navarra's allegedly false and fraudulent billing, as these acts are intrinsic to the acts charged in the Indictment.

Second, evidence of these other acts is admissible under Rule 404(b), even if these acts are not inextricably intertwined with the acts as alleged in the Indictment. Rule 404(b) provides that evidence of crimes, wrongs, or other acts is admissible to "prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

To determine whether acts are admissible under Rule 404(b), a court must decide (1) "whether there is sufficient evidence the 'other acts' took place"; (2) "whether those other acts are admissible for a proper purpose"; and (3) "whether the 'other acts' evidence is more prejudicial than probative." *United States v. Corsmeier*, 617 F.3d 417, 420 (6th Cir. 2010).

Applying this inquiry here, first, there is sufficient evidence that the other acts occurred. The Government has produced Medicare claims data and Navarra interview memoranda that support these allegations. *See* Dkt. No. 82, p. 3 (Pg. ID 348). Second, the Government correctly argues that it may introduce this evidence to show Navarra's knowledge, intent, motive, and absence of mistake as to the conduct charged in the Indictment. Indeed, the Government must prove an intent to defraud by Defendant Navarra.

Lastly, the probative value of the evidence outweighs any prejudicial effect. According to Defendant Navarra, evidence of false and fraudulent billing is unfairly prejudicial. Specifically, Navarra asserts the Government could offer evidence that

6

she profited from the scheme without also alleging that she engaged in false and fraudulent billing. Dkt. No. 88, p. 5 (Pg. ID 434). This argument is unavailing.

"[A] court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

Here, the evidence of other acts is probative for understanding the scope of the alleged conspiracy and Defendant Navarra's gains from her purported contributions to that scheme. The Court is not persuaded that any prejudice to Navarra outweighs this probative value. Thus, this evidence is admissible under Rule 404(b).

Evidence of other acts regarding Defendant Navarra's allegedly false or fraudulent billing to Medicare for certain physician services is admissible as either (1) evidence of acts intrinsic to the charged offense; or (2) evidence properly offered under Rule 404(b). Accordingly, the Court will overrule Defendant's Objection to the Government's Notice of Intent to Offer Evidence of Acts Intrinsic to the Charged Offense or Acts Admissible Under Rule 404(b).

B. Request for Continuance of November 21, 2017 Trial Date

As an initial matter, the Court notes that it has already continued Defendants' trial date six times. The trial had been set to begin on: November 1, 2016, February

7

7, 2017, April 4, 2017, June 13, 2017, June 20, 2017, and October 24, 2017. *See* Dkt. Nos. 43, 56, 58, 59, 63.

Despite these continuances, Defendant Navarra (and Yrorita) requests that the Court continue the trial date again. This time because of the aforementioned intrinsic acts or Rule 404(b) evidence and the Government's recent production of several discs. The Court has denied this request.

As detailed above, the Court will allow the Government to introduce the contested intrinsic acts or Rule 404(b) evidence, and thus, Defendants' request for a continuance based on this evidence fails.

Regarding the second ground, Defendants refer to discs containing two categories of materials: (1) certificates of authenticity, co-conspirator documents, driver's licenses, interview reports, Medicare witness documents, and scanned search warrant materials; and (2) recordings of potential Government witness Emma King, taken from 2008 to 2010 and relating to her 2010 conviction in an unrelated case for health care fraud conspiracy.[2] *See, e.g.,* Dkt. No. 86-2. Because the Emma King recordings comprise the vast majority of material on these discs and the Government has agreed to not call King as a witness, the Court finds that there is not good cause to grant Defendants' request for a continuance.

---

[2] King also pled guilty in October 2017 in another case, and recently proffered on her involvement in the health care fraud conspiracy charged in this matter. *See* Dkt. No. 86-2, p. 2 (Pg. ID 415).

Trial courts have significant discretion in deciding continuance requests. *Franklin v. Bradshaw*, 695 F.3d 439, 452 (6th Cir. 2012) (citing *Morris v. Slappy*, 461 U.S. 1, 11, 103 S. Ct. 1610, 75 L. Ed. 2d 610 (1983)). " 'The denial of a defendant's motion for a continuance amounts to a constitutional violation only if there is an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay.' " *Id.* (quoting *United States v. King*, 127 F.3d 483, 486–87 (6th Cir. 1997)) (citing *Morris*, 461 U.S. at 11–12). " 'There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, *particularly in the reasons presented to the trial judge at the time the request is denied*.' " *Id.* at 452–53 (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S. Ct. 841, 11 L. Ed. 2d 921 (1964)). A defendant must show that the denial of a continuance would " 'result[] in actual prejudice to his defense.' " *Id.* at 453 (quoting *King*, 127 F.3d at 487). That is, " 'a continuance would have made relevant witnesses available or added something to the defense.' " *Id.*

For example, in *United States v. Garner*, the Sixth Circuit held a district court improperly denied a defendant's request for a continuance to investigate the call log of a cell phone belonging to a car-jacking victim. 507 F.3d 399, 401 (6th Cir. 2012). When the car was stolen, the cell phone was in the car and was later used by the car-jackers. *Id.* The phone records were crucial to the case outcome because of the

"relative weakness" of evidence identifying the defendant and the records' potential for discrediting witness testimony that the Government relied on heavily. *Id.* at 406.

The Government produced the phone records on the day defendant's retrial began, i.e. five days after the Government had obtained the records. *Id.* at 403. The Sixth Circuit reasoned that because an FBI agent had the records for five days and had minimal success identifying subscribers of numbers in the phone records, "it is difficult to see how a defense lawyer with a trial starting immediately would have time properly to investigate the records without neglecting the trial." *Id.* at 408. Thus, "[a] short continuance-perhaps only of a week-would have been adequate." *Id.* at 409.

Conversely, a court properly denied a defendant's request for a continuance to replace an expert who died during trial. *Bradshaw*, 695 F.3d at 453. The defense had already planned to present another expert, who was to testify on the same theories. *Id.* at 454. And, at the time of the request for a continuance, the defense did not indicate that the experts' testimony would have been different "in any important respect" or that the deceased expert, had he testified, "would have been a stronger witness." *Id.* The Sixth Circuit noted that the expert's death "placed counsel in trying circumstances," but "this difficult situation d[id] not warrant the relief sought." *Id.*

Unlike *Garner*, the evidence at issue here is not critical to the case outcome. Indeed, the Government, as it elected, will not present Emma King as a witness. The overwhelming majority of the contested evidence then will not be introduced at trial, and the remaining evidence is not voluminous. Moreover, much of the remaining evidence was available to Defendants as of September 2016, or just recently became subject to production. Thus, as in *Bradshaw*, Defendants have not shown that a continuance to review the remaining evidence would add to their defense.

Accordingly, the Defendants are not entitled to a continuance of the November 21, 2017 trial date.

## III. Conclusion

For the aforementioned reasons, the Court OVERRULES Defendant Navarra's Objection to the Government's Notice of Intent to Offer Evidence of Acts Intrinsic to the Charged Offense or Evidence under Rule 404(b), and DENIES Defendant Navarra and Defendant Yrorita's Motions to Adjourn the November 21, 2017 Trial Date.

IT IS SO ORDERED.

Dated: November 17, 2017 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 17, 2017, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk